UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20049-GAYLES

UNITED STATES OF AMERICA

v.

RONALD ZAPETE,

    Defendant.
_____/

## RESPONSE TO MOTION FOR DOWNWARD VARIANCE [DE 26]

The United States urges the Court to deny the Defendant's motion for a downward variance. Rather, the Court should sentence the Defendant to a Guidelines sentence because a downward variance would run contrary to the plain text of the Guideline provision and in opposition to Congressional direction to increase sentences for firearms trafficking. This Court should impose a Guidelines sentence.

Granting the Defendant's motion for a downward variance runs contrary to the United States Sentencing Commission's deliberate decision to exclude the Defendant from the zero-point offender reduction. After all, the Sentencing Commission could have drafted a different version of the zero-point offender statute: one that excluded only defendants whose crimes involved violence *and* firearms. But it didn't. The Sentencing Commission separated out violence and firearms into separate requirements. U.S.S.G. § 4C1.1(a)3), (7). In other words, not only does the "animating logic" behind the amendment not apply to the Defendant, that exclusion was intentional. To give the Defendant the same benefit he would have received had the amendment applied to him is to ignore the fact that the Sentencing Commission *intentionally* excluded people like the Defendant from receiving the reduction.

Nor did the Sentencing Commission act in a vacuum. Members of Congress have

recognized that "[i]llicit arms trafficking from the United States to the Caribbean is a regional and national security threat.  While Caribbean countries do not manufacture firearms or ammunition or import either on a large scale, they account for half of the world's top ten highest national murder rates."[1]  And "Florida [is] a significant source of the illicit firearms that are exacerbating crime in [the Carribbean].  In Haiti, the steady flow of illicit firearms from the United States has enabled violent gangs to take control over 80% of Port-au-Prince and caused a dramatic increase in migration to the United States."  *Id.*  Trafficking firearms has a cost:  one study estimated that gun violence in a single year cost Jamaica over $140,000,000 in medical costs and productivity loss.[2]

Against this backdrop, in 2022, Congress passed the Bipartisan Safer Communities Act—which included the Stop Illegal Trafficking in Firearms Act.  Pub. L. 117-159, 136 STAT. 1313, 1326 (June 25, 2022).  By doing so, Congress:  (1) added and increased penalties for trafficking firearms; (2) provided millions in funding for the Bureau of Alcohol, Tobacco, Firearms, and Explosives to combat straw purchasing and gun trafficking; and (3) directed the Sentencing Commission to consider "an appropriate amendment to reflect the intent of Congress that straw purchasers without significant criminal histories receive sentences that are sufficient to deter participation in such activities."  *Id.* at 1328.  And, in 2023, the Department of Justice created a

---

[1] Statement of Senators Chris Murphy, Tim Kaine, and Representative Cherifilus-McCormick and Joaquin Castro (Mar. 25, 2024) (available at: https://www.murphy.senate.gov/newsroom/press-releases/murphy-kaine-cherfilus-mccormick-castro-introduce-catch-act-to-help-curb-us-firearms-trafficking-to-the-caribbean#:~:text=Safer%20Communities%20Act.-,Illicit%20arms%20trafficking%20from%20the%20United%20States%20to%20the%20Caribbean,ten%20highest%20national%20murder%20rates.) (emphasis added).

[2] Febre, et al., *Weapons Compass The Caribbean Firearms Study*, at 145 (available at: https://insightcrime.org/wp-content/uploads/2023/04/CARICOM-IMPACS-SAS-Caribbean-Firearms-Study.pdf )

2

Coordinator for Caribbean Firearms Prosecutions to elevate firearms trafficking prosecutions and to help implement the new law.[3]  In short, stopping the smuggling of firearms to the Caribbean—where they can be used for violence—is a Congressional and Executive priority.

Given this Congressional focus—and explicit direction—the Defendant's argument that the "animating logic" behind the zero-point offender reduction applies to him is meritless. (DE 26 at 3).  In other words, the Defendant argues that, because zero-point offenders are less likely to recidivate, they get shorter sentences, and that he should qualify as a zero-point offender.  But *regardless* of the recidivism rate, in 2022, Congress expressly increased the sentences for firearms trafficking because United States-made firearms are devastating the Caribbean.  This Court must specifically and generally deter firearms traffickers.  136 STAT. 1313, 1326.  This Court cannot adequately deter would-be traffickers from "only" sending firearms to the Caribbean by varying downward in this case and applying a reduction that explicitly excludes people like the Defendant.

Finally, this Court should not place great weight on the Defendant's proffered JSIN data showing that similarly situated defendants (on average) receive downward variances because that data does not fully capture recent Congressional action.  (DE 26 at 3).  In other words, the JSIN data reflects average sentences between 2019 and 2023.  Because Congress acted in the middle of that time, in 2022, the JSIN data understates what a similarly situated defendant would receive today.

***

The Defendant lacks any substantial mitigating factor that would warrant a downward departure.  For all these reasons, this Court should sentence the Defendant to a Guidelines term of incarceration.

---

[3] https://www.state.gov/u-s-caribbean-engagement-to-counter-firearms-trafficking/

                                Respectfully submitted,

                                MARKENZY LAPOINTE
                                UNITED STATES ATTORNEY

By:    */s/ Daniel Rosenfeld*
        Daniel Rosenfeld
        Assistant United States Attorney
        Southern District of Florida
        Court ID No. A5504081
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Telephone: (305) 961-9268
        E-mail: Daniel.Rosenfeld@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 25, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day via email on counsel of record.

*/s/ Daniel Rosenfeld*
Daniel Rosenfeld
Assistant United States Attorney